# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERNANDEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL[1], <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 1:16-cv-1228 - JLT <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) <br><br> (Doc. 22) |

Melissa Newel, attorney for Plaintiff Roberto Hernandez, Jr., seeks an award for fees pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 22) Because the Administrative Law Judge's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the Commissioner fails to show the decision, or the defense thereof, was substantially justified. Accordingly, Plaintiff's motion for attorney fees under the EAJA is **GRANTED**.

## I.   Background

Plaintiff filed his application for benefits on September 21, 2012, alleging disability beginning on March 20, 2011. (Doc. 11-6 at 2) The Social Security Administration denied the application at both the initial level and upon reconsideration. (See generally Doc. 11-4; Doc. 11-3 at 12) After requesting a hearing, Plaintiff testified before an ALJ on November 18, 2014. (Doc. 11-3 at 12) The ALJ determined

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as the defendant in this action.

1

Plaintiff was not disabled and issued an order denying benefits on January 30, 2015. (Id. at 12-22) When the Appeals Council denied Plaintiff's request for review on June 14, 2016 (id. at 2-4), the ALJ's findings became the final decision of the Commissioner of Social Security.

Plaintiff initiated the action before this Court on August 18, 2016, seeking judicial review of the ALJ's decision. (Doc. 1) The Court determined the ALJ erred in evaluating the credibility of Plaintiff's subjective complaints, and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20)

Following the entry of judgment, Plaintiff filed the application for fees under the EAJA now pending before the Court. (Doc. 22) Defendant filed an opposition to the motion on February 6, 2018 (Doc. 24), to which Plaintiff filed a brief in reply on February 21, 2018. (Doc. 25) Including the time spend on the reply brief, Plaintiff seeks an award of $5,963.95 in fees. (*See* Doc. 25 at 6)

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

2

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

**III.    Discussion and Analysis**

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant 42 U.S.C. § 405(g). (Doc. 20) Defendant does not dispute that Plaintiff is a prevailing party, but argues the position of the Commissioner was substantially justified and the fees requested are excessive. (Doc. 24)

**A.    Whether Defendant's position was substantially justified**

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, Defendant must demonstrate "the action or failure to act by the agency" was substantially justified. *Id.* Second, Defendant must establish the position taken in the civil action was substantially justified. *Id.* The inquiry into whether or not the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

| | |
|---|---|
| 1 | Plaintiff's case was remanded for the ALJ's failure to evaluate the credibility of Plaintiff's |
| 2 | subjective complaints in a proper manner. (Doc. 20 at 7-12) The Court noted that the ALJ purported to |
| 3 | consider the objective medical record, the treatment Plaintiff received, and his compliance with |
| 4 | treatment. Despite this, the Court found the ALJ's stated reasons did not support the adverse credibility |
| 5 | because "[t]he ALJ failed to set forth findings 'sufficiently specific to allow a reviewing court to |
| 6 | conclude the ALJ rejected the claimant's testimony on permissible grounds.'" (*Id.* at 11, quoting *Moisa* |
| 7 | *v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004)). |

Defendant now argues, "The Commissioner was substantially justified in defending the ALJ's determination that Plaintiff was not disabled because that determination was reasonable based on the totality of the record evidence and applicable law." (Doc. 24 at 3) According to Defendant,

> [W]hen the ALJ addressed credibility, she took language from the report of Dr. Stephen Choi, who noted in December 2013 that "[c]urrently, he sees no physician…He is not receiving any specific treatment programs such as physical therapy, acupuncture, or chiropractic treatment." (Tr. 17-18, 482-483). This was to say, although he was receiving medication as treatment for the symptom of pain, he was not receiving any treatment to address the actual impairment. Therefore, the Commissioner submits that, the ALJ was not simply relying on the medication as "conservative," but on the lack of any other treatment. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012)...

(Doc. 24 at 4) Defendant asserts that "while this Court did not see that as a winning argument, the Commissioner's defense of the ALJ's decision was substantially justified." (*Id.*)

Significantly, in *Chaudhry*, as Defendant observes, the Ninth Circuit observed that an ALJ may consider a claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" as part of a credibility determination. *Chaudhry*, 688 F.3d at 672 (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)). As Defendant observes, the Court indicated that "[i]f claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated. . . ." (Doc. 24 at 5; *Chaudhry*, 688 F.3d at 672 (quoting *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007)). For example, in *Chaudhry*, the Court found the ALJ's adverse credibility determination was supported by the fact that the claimant "repeatedly failed to seek treatment for depression or follow prescribed courses of treatment." *Chaudhry*, 688 F.3d at 672. In contrast, here, the ALJ did not make a finding that Plaintiff failed to seek treatment for his pain and the

4

Court found the ALJ failed to identify any evidence supporting her assertions that Plaintiff "was not fully treatment compliant." (Doc. 20 at 11) Moreover, the ALJ did not find "physical therapy, acupuncture, or chiropractic treatment" were prescribed by Plaintiff's physicians. (*See* Doc. 11-3 at 19)

Because the analysis by the ALJ was contrary to the standards set forth by the Regulations, the position was not substantially justified. *Sampson*, 103 F.3d at 921. The ALJ failed to comply with established Ninth Circuit precedent governing the evaluation of Plaintiff's credibility. For example, the Ninth Circuit has determined that ALJ must "specifically identify what testimony is credible and what evidence undermines the claimant's complaints." *Greger*, 464 F.3d at 972; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (an ALJ must identify "what evidence suggests the complaints are not credible"). Here, the ALJ failed to identify the portions of Plaintiff's testimony she did not find credible. (Doc. 20 at 9) Furthermore, the ALJ mischaracterized the record in stating that Plaintiff received conservative treatment, despite the fact that Plaintiff was prescribed narcotic medication and cervical surgery was recommended. (*See id.* at 10, citing *Lapeirre-Gutt v. Astrue*, 382 Fed. App'x. 662, 664 (9th Cir. 2010)) Given the clear inadequacies, Defendant's position was not substantially justified. *Sampson*, 103 F.3d at 921.

### B. Reasonableness of the Fees Requested

Defendant argues that if the Court finds the Commissioner's was not substantially justified, the fees requested should be reduced. (Doc. 24 at 5-6) According to Defendant, the fee award is not reasonable because it includes 4.5 hours of duplicative work. (*Id.*) Defendant observes, "Plaintiff's counsel claims to have spent 7 hours to draft the opening brief; however; all of the confidential letter is incorporated in the opening brief, including punctuation errors." (*Id.* at 5) Therefore, Defendant argues that "the hours billed should be reduced by the 4.5 hours attributed to the confidential letter." (*Id.*, citing, *e.g, Hickey v. Sec'y of Health & Human Servs.*, 923 F.2d 585, 586 (8th Cir. 1991) (finding the district court did not abuse its discretion by the fee award due to "excessive hours for preparing routine letters, a form complaint, and a motion for summary judgment that contained 'canned' material").

In response, Plaintiff contends Defendant was "incorrect in her assertion that 'all of the confidential letter is incorporated in the opening brief,'" because "[t]he letter brief contained arguments

that were not pursued." (Doc. 25 at 4) Plaintiff asserts:

> The Commissioner's contention that Plaintiff's counsel's time spent on the opening brief should be reduced by 4.5 hours also does not take into account that an opening brief necessarily requires additional time and preparation, including an assessment of the government's response to the argument's (sic) contained in the letter brief, further consideration of possible arguments upon re-review of the administrative record, and a much more extensive summary of the administrative record – including medical evidence, medical opinion, and testimony from the Plaintiff, lay witnesses, and vocational expert – along with the development of applicable arguments.

(*Id.*)

Importantly, as Plaintiff observes, the Ninth Circuit indicated that "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012), quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The Court also "recognized that sometimes the vicissitudes of the litigation process will require lawyers to duplicate tasks." *Id.* (internal quotation marks, citation omitted). As a result, the mere finding that work was duplicative "should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much." *Id.*

Ms. Newel reported that she spent 4.50 hours preparing the confidential letter brief and 7.75 hours for preparing the opening brief. (Doc. 22 at 8) Although, as Defendant contends, the confidential letter brief may have been incorporated into the opening brief, this alone does not indicate that the hours reported by Ms. Newel should be reduced. Indeed, the Court's scheduling order contemplates some duplication, as a letter brief must "set forth the relevant issues and reasons for the remand." (Doc. 5 at 2) Likewise, an opening brief must include "a short, separate statement of each of appellant's legal claims" and "argument separately addressing each claimed error." (*Id.* at 4) An opening brief must also include a description of the alleged impairments, a summary of the relevant medical evidence, a summary of the relevant testimony, and a recitation of the Commissioner's findings and conclusions. (*Id.* at 3-4) The hours reported by Ms. Newel clearly indicate the time

expended on the opening brief include further review of the administrative record and research.[2] (Doc. 22 at 8) Such tasks are to be expected both after receiving Defendant's response to the letter brief, and in preparation of an opening brief that satisfies the requirements of the Court's Scheduling Order. Accordingly, the Court finds the 7.75 hours reported by Ms. Newel for preparing the opening brief are reasonable, and declines to reduce the time reported.

### C. Assignment of the Fee Award

Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to a fee agreement he signed. (*See* Doc. 22 at 7; *see also* Doc. 22-1 at 1) Defendant contends that "EAJA fees, if awarded, must be made payable to Plaintiff, not [his] attorney." (Doc. 24 at 6, emphasis omitted). As Defendant observes, in *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court determined that EAJA fees must be made payable to the "prevailing party." As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant. *See Ratliff*, 560 U.S. at 592-93.

Notably, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Because Plaintiff has assigned his rights to counsel, the EAJA fees should be made payable directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements. *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, 2016 U.S. Dist. LEXIS 124272 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on whether plaintiff owes any debt to the government[,]… the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to

---

[2] The Court is disappointed that counsel failed to edit the "copy and paste" portions of the brief. However, the Court presumes that the amount of time that counsel would have spent on the opening brief was reduced due to the ability to reuse some of the informal brief.

the government's waiver of the requirements under the Anti-Assignment Act"). If the government chooses to not accept the assignment, payment shall be made to Plaintiff, and mailed to his attorney.

## IV.     Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). Ms. Newel expended a total 30.35 hours of work on this action on behalf of Plaintiff, which is reasonable in light of the tasks performed and results achieved. Thus, Ms. Newel is entitled to an award of fees in the amount of $**5,963.95**.[3]

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request for attorney's fees is **GRANTED** in the amount of $5,963.95; and
2. Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Melissa Newel;
3. Payment **SHALL** be mailed to Plaintiff's counsel of record, Melissa Newel.

IT IS SO ORDERED.

Dated:     **April 18, 2018**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE

---

[3] This amount represents the statutory maximum rate with adjustments for the increases in costs of living for the 2.1 hours completed in 2016 ($192.76 per hour) and 28.25 hours completed between 2017-2018 ($196.76 per hour). *See "Statutory Maximum Rates Under the Equal Access to Justice Act"* published by the United States Courts for the Ninth Circuit, available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited April 17, 2018).